# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1062 | **DATE** | 2/17/2004 |
| **CASE TITLE** | Colin Hann, et al. vs. Unumprovident Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, defendant's motion to dismiss [21-1] is denied..

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | FEB 17 2004 date docketed | |
| | Notified counsel by telephone. | | | 30 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | hmb | courtroom deputy's initials | 04 FEB 17 PM 3:21 | date mailed notice |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COLIN HANN, CAROL GALLAGHER, ) <br> and IMPORT LOGISTICS, INC., ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> THE PAUL REVERE LIFE INSURANCE ) <br> COMPANY, PROVIDENT LIFE & ) <br> ACCIDENT INSURANCE COMPANY, ) <br> and UNUMPROVIDENT CORPORATION ) <br> ) <br> Defendants. ) | Case No. 03 C 1062 |

DOCKETED
FEB 17 2004

## MEMORANDUM OPINION AND ORDER

Plaintiffs Colin Hann ("Hann") and Carol Gallagher ("Gallagher") own Plaintiff Import Logistics. After Hann lost his hearing, he, Gallagher, and Import Logistics filed suit against defendants The Paul Revere Life Insurance Company ("Paul Revere"), Provident Life & Accident Insurance Company ("Provident Life"), and UnumProvident Corporation ("UnumProvident") seeking to recover disability benefits. Plaintiffs contend that UnumProvident wrongfully refused to pay plaintiffs' claims under three disability insurance policies and its refusal to pay was unreasonable and vexatious in violation of § 155 of the Illinois Insurance Code, 215 ILCS § 5/155. UnumProvident responds that the plaintiffs' claims against it must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it did not issue any of the policies which purportedly covered Hann. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the following reasons, the motion to dismiss is denied.

I.  **Background**

This complaint alleges the following facts which are taken as true for purposes of ruling on the motion to dismiss. Fredrick v. Simmons Airlines, Inc., 144 F.3d 500, 502 (7th Cir. 1998). Hann

30

and Gallagher own and work at Import Logistics. Hann permanently lost his hearing and contends that he is completely disabled. Plaintiffs claim they are entitled to receive benefits under three disability insurance policies, two of which were issued by Paul Revere and one of which was issued by Provident Life. UnumProvident is Paul Revere's and Provident Life's corporate parent.

According to plaintiffs' complaint, UnumProvident administered claims for Paul Revere and Provident Life and controlled their claims process and practices. Plaintiffs allege that UnumProvident processed Hann's disability claims under the Paul Revere and Provident Life policies and wrongfully decided not to pay benefits to him. They contend that UnumProvident's failure to pay benefits constitutes a breach of contract (Counts II, IV & VI) and that UnumProvident unreasonably and vexatiously refused to pay Hann's claims in violation of 215 ILCS § 5/155 (Counts VIII, X & XII).

## II. Discussion

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. McMath v. City of Gary, 976 F.2d 1026, 1031 (7th Cir. 1992); Gillman v. Burlington N. R.R. Co., 878 F.2d 1020, 1022 (7th Cir. 1989). Dismissal is properly granted only if it is clear that no set of facts which the plaintiff could prove consistent with the pleadings would entitle the plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Kunik v. Racine County, Wis., 946 F.2d 1574, 1579 (7th Cir. 1991).

UnumProvident contends that the claims against it must be dismissed because UnumProvident did not issue the policies to Hann and therefore, there is no privity of contract between it and Hann. An insurance policy is a contract between an insurer and its insured, and a breach of contract claim may only be asserted against a party who is in privity of contract. Kaplan

v. Shure Brothers, Inc., 266 F.3d 598, 602 (7th Cir. 2001). Moreover, courts generally presume that a parent corporation is a separate and distinct entity from its subsidiaries. Van Dorn Co. v. Future Chemical & Oil Corp., 753 F.2d 565, 569 (7th Cir. 1995). These rules support UnumProvident's contention that it is not liable for policies issued by its subsidiaries. However, plaintiffs assert that the Court should pierce the corporate veil and hold UnumProvident liable for its subsidiaries' policies because UnumProvident controlled the claims process and practices of its subsidiaries.

To pierce a corporate veil in Illinois, a plaintiff must establish that: (1) "there is such a unity of interest and ownership" that the separate personalities of the corporation and its subsidiaries no longer exist; and (2) "adhering to the fiction of a separate corporate existence would promote injustice or inequity." International Financial Services Corp. v. Chromas Technologies Canada, Inc., Nos. 02-4079 & 02-4188, — F.3d —, 2004 WL 103311 at *4 (7th Cir. Jan 23, 2004). When determining if a parent and subsidiary have a unity of interest, courts consider whether: (1) the corporations have failed to maintain adequate records or to comply with corporate formalities; (2) the corporations' assets are commingled; (3) the subsidiary is undercapitalized; or (4) the subsidiary treats the assets of the parent corporation as its own. Van Dorn Co., 753 F.2d at 570. With respect to whether adhering to the fiction of a separate corporate existence is appropriate, courts look to whether "unfairness . . . akin to fraud or deception" or "the existence of a compelling public interest" exists. Hystro Products, Inc. v. MNP Corp., 18 F.3d 1384, 1390 (7th Cir.1994).

Plaintiffs assert that the Court should pierce the corporate veil because UnumProvident controlled the claims process and practices of its subsidiaries, personally processed Hann's disability claims, and was responsible for the decision not to pay them. According to the plaintiffs, this means that UnumProvident is a "mere shell" for its subsidiaries who actually issued Hann's disability policies. UnumProvident contends that the plaintiffs have failed to allege facts which show that the

corporate veil should be pierced.

Under Rule 8(a)'s liberal notice pleading standards, the court will not dismiss a complaint unless it is clear that the plaintiff cannot potentially establish facts consistent with the pleadings which entitle her to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Moreover, a plaintiff does not need to allege facts supporting every element of her legal theory. Hemenway v. Peabody Coal Co., 159 F.3d 255, 261 (7th Cir.1998) (contrasting notice pleading with the heightened pleading used for fraud claims). Thus, a plaintiff can plead conclusions as long as they give the defendant minimal notice of her claims. See Payton v. Rush- Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 627 (7th Cir.1999) (pleadings generally only need to contain enough to allow the defendant to understand the gravamen of the complaint). Accordingly, if a plaintiff alleges that a parent is the alter ego of its subsidiary, dismissal of her complaint is unwarranted if she alleges any facts which suggest that the corporations operated as a single entity. See Kellers Systems, Inc. v. Transport Intern. Pool, Inc., 172 F. Supp. 2d 992, 1001 (N.D. Ill. 2001); see also Ishkhanian v. Forrester Clinic S.C., No. 02 C 9339, 2003 WL 21479072 at *3 (N.D. Ill. Jun 25, 2003) (rejecting contention that a complaint must contain facts which substantially show that the corporate veil should be pierced to survive a motion to dismiss for failure to state a claim).

Here, the plaintiffs seek to pierce the corporate veil and hold UnumProvident liable for insurance contracts made by Paul Revere and Provident Life. Plaintiffs allege that UnumProvident controlled all of its subsidiaries' claims processing and policies and made the decision to deny Hann's claims for benefits. Daley v. American Drug Stores, Inc., 691 N.E.2d 846, 849 (Ill.App. 1998) (stating court will pierce corporate veil if one corporation so controls the affairs of another that the other is the mere instrumentality or dummy of another and that, under the circumstances, the observance of the fiction of separate corporate existence will sanction fraud or injustice.). This

is enough to place UnumProvident on notice of the plaintiffs' claims and satisfy the undemanding federal notice pleading standard at this early stage in the proceedings. UnumProvident's motion to dismiss the plaintiffs' breach of contract claims is thus denied.

UnumProvident also seeks to dismiss plaintiffs' claims against it pursuant to 215 ILCS § 5/155 for vexatious and unreasonable conduct in refusing to pay Hann's disability claims. Section 155 of the Illinois Insurance Code provides, in pertinent part, that a court may award fees and costs "[i]n any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable." 215 ILCS § 5/155(1). UnumProvident contends that it cannot be liable under § 155 as a matter of law because it did not have a contractual relationship with Hann.

The Court is not persuaded by UnumProvident's argument. In its memorandum, UnumProvident argued that plaintiffs failed to allege any legal obligation on UnumProvident's part to pay Hann's disability claim because "[p]laintiffs have not alleged that UnumProvident acted as an undisclosed principal of Paul Revere or Provident Life, or *that UnumProvident is liable for the contractual obligations of its subsidiaries under a corporate veil theory.*" Def's Memo, p. 5 (emphasis added). Plaintiffs make clear in their Response that they seek to hold UnumProvident liable for the contractual obligations of its subsidiaries under a corporate veil theory. Plaintiffs contend that UnumProvident is really a dummy or sham for Paul Revere and Provident Life because it controls the claims process and practices of its subsidiaries. UnumProvident cites one case holding that § 155 liability cannot attach to a defendant who does not owe benefits under an insurance policy. UnumProvident does not cite and the Court has not found any authority holding that a plaintiff who ultimately pierces the corporate veil and holds a corporate parent liable for

-5-

policies issued by its subsidiaries can not hold the parent liable under § 155. Because the Court can grant a motion to dismiss only if it appears beyond doubt that plaintiffs can prove no set of facts entitling them to relief, the Court denies UnumProvident's Motion to Dismiss Counts VIII, X & XII.

### III. Conclusion

For the reasons stated above, UnumProvident's motion to dismiss [21-1] is denied.

ENTER:

**Nan R. Nolan**
**United States Magistrate Judge**

Dated: 2/17/04